IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JERMAINE GWIN, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 11-2798-STA-cgc |
| DAVID R. OSBORNE, | ) ) ) | |
| Respondent. | ) ) | |

ORDER CORRECTING THE DOCKET
ORDER OF DISMISSAL WITHOUT PREJUDICE
ORDER DENYING A CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On September 14, 2011, Petitioner Jermaine Gwin, Tennessee Department of Correction prisoner number 422697, who is currently an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)[1] Although Petitioner submitted a copy of the official form, he did not fill out the portions of the form that called for information about the issues presented and his efforts to exhaust

---

[1] The Clerk is directed to correct the docket to reflect Petitioner's new address and to mail a copy of this order and the judgment to him at that address.

those issues in state court. Instead, the form petition referred to the supporting legal memorandum. (*See* ECF No. 1 at 5, 6, 8.)

On January 20, 2012, the Court issued an order that, *inter alia*, directed Petitioner to file an amended petition on the official form within thirty (30) days. (ECF No. 6.) That order stated that,

> [a]lthough Petitioner filed the official form, he did not complete ¶ 12 of the form, which requires petitioners to list their grounds for relief, the facts supporting those grounds, and their efforts to exhaust those grounds in state court. Instead, Petitioner refers to his legal memorandum. Petitioner is required to completely fill out the official form to permit the Court efficiently to review the issues raised.

(*Id.* at 2.) Gwin was notified that a "[f]ailure timely to comply with any requirement of this order will result in dismissal of the petition without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (*Id.* at 2.)

On February 15, 2012, Gwin submitted an amended petition that is not on the official form and that did not address the issues Petitioner seeks to raise. (ECF No. 6.) The Court issued an order on May 29, 2012, that ordered Gwin, for the second time, to file an amended petition on the official form that is signed under penalty of perjury. (ECF No. 7 at 1.) Gwin was notified that his amended petition was due in thirty (30) days (*id.*) and that "[a] failure to comply with any requirement of this order in a timely manner will result in dismissal of the petition without prejudice,

2

pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute" (*id.* at 2).

On July 5, 2012, the Clerk docketed another amended petition, accompanied by a legal memorandum. (ECF No. 9.)[2] That petition suffers from the same defect as the original petition. Although Petitioner submitted a copy of the official form, he did not fill out the portions of the form about the issues presented. Instead, the form petition referred to the supporting legal memorandum.

Because Gwin has not complied with the Court's orders despite two opportunities to correct the defects in the initial petition, the Court DISMISSES the action WITHOUT PREJUDICE pursuant to Rule 41(b). Judgment shall be entered for Respondent.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335 (2003); <u>Bradley v. Birkett</u>, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

---

[2] That filing was received in the prison mailroom on July 3, 2012 (ECF No. 9-2) and it is, therefore, untimely.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773 (quoting Slack, 537 U.S. at 337).

In this case, there can be no question that Petitioner has not filed an amended petition and has not requested an extension of time in which to do so. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal

would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED this 7th day of August, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE